**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 30 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LUIS MANUEL GONZALEZ, a/k/a
Luis Gonzalez, f/k/a Sergio Loera,
a/k/a Auren Valesco, a/k/a Guero,
a/k/a Luis,

Defendant-Appellant.

No. 00-5083
(D.C. No. 99-CR-66-C)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

On October 1, 1999, defendant Luis Manuel Gonzalez pled guilty to one

count of conspiracy to possess with intent to distribute and distribution of

methamphetamine and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(A)(ii) and (viii).  On April 28, 2000, defendant was sentenced to life

---

* The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P.  34(a)(2) and 10th Cir. R. 34.1(G).  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

in prison. Defendant appeals, asserting that (1) pursuant to the recent Supreme Court case of Apprendi v. New Jersey , 120 S. Ct. 2348 (2000), his case should be remanded for resentencing, and (2) the sentencing court did not follow the procedures of Fed. R. Crim. P. 11 in accepting his guilty plea. We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

## I. Allegation of Drug Quantity in the Indictment

In Apprendi , the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S. Ct. at 2362–63. Noting that the Apprendi Court left undecided the question of whether a factor increasing a defendant's sentence beyond the statutory maximum was to be considered an element of the crime which must be alleged in the indictment, in United States v. Jones , 235 F.3d 1231, 1236 (10th Cir. 2000), we held that

> the quantity of drugs involved in a violation of § 841 is an essential element of the offense if that fact exposes the defendant to a heightened maximum sentence under § 841(b)(1)(A) or (B). A district court may not impose a sentence in excess of the maximum set forth in 21 U.S.C. § 841(b)(1)(C) unless the benchmark quantity of cocaine base for an enhanced penalty is alleged in the indictment in addition to being submitted to the jury and proven beyond an reasonable doubt.

We further clarified this principle in United States v. Jackson , 240 F.3d 1245, 1248 (10th Cir. 2001), holding that "after Apprendi , a trial court may not

-2-

utilize §§ 841(b)(1)(A) and 841(b)(1)(B) for sentencing without the drug quantity being charged in the indictment." When drug quantity has not been charged, a defendant may be sentenced only under § 841(b)(1)(C), which sets forth the "penalties for offenses involving [schedule I or II controlled substances] without reference to drug quantity, and limits the sentence to not more than twenty years for defendants who have not previously been convicted of a felony drug offense, and thirty years if the defendant has a prior felony drug conviction."        Id.

Contrary to defendant's assertion, his sentence of life imprisonment did not violate Apprendi . The first count of defendant's superseding indictment charged him with conspiracy with intent to distribute cocaine and methamphetamine in violation of § 841(a)(1) and (b)(1)(A)(ii) and (viii).        [1]  In a lengthy recitation of the overt acts committed by defendant and his co-conspirators in furtherance of the conspiracy, the indictment alleged defendant directed the distribution of four pounds of methamphetamine "on or about April      24, 1998." (I R. Doc. 97 at 5.) In addition, the indictment alleged that on or about October 13, 1998, "a person known to the Grand Jury" purchased one half pound of methamphetamine from defendant and a co-conspirator for $4,500, (      id. at 7); on or about October 14,

---

[1]      Section 841(b)(1)(A)(viii) provides for a sentence of imprisonment ranging from not less than ten years to not more than life when at least fifty grams of pure methamphetamine or at least 500 grams of a mixture containing methamphetamine is involved.

1998, "a person known to the Grand Jury possessed eight (8) ounces of methamphetamine which had been obtained from [defendant]," ( id.); about November 1998, a co-conspirator "ordered one pound of methamphetamine from [defendant]," ( id. at 8); on or about November 8, 1998, "a person known to the Grand Jury" purchased one pound of methamphetamine from two co-conspirators who had transported the drug "from California to Oklahoma for distribution at the direction of [defendant]," ( id.); about December 1998, and again about January 1999, a co-conspirator ordered one pound of methamphetamine from defendant which was delivered to another co-conspirator at the direction of defendant; on or about January 22, 1999, "a person known to the Grand Jury met with . . . [defendant] and was solicited by defendant to buy "multi-kilo quantities of methamphetamine," ( id. at 11); and about February or March 1999, defendant delivered one pound of methamphetamine to a co-conspirator. Without a plea agreement, defendant pled guilty to this count of the indictment. Therefore, contrary to defendant's argument on appeal, the drug quantity was alleged with specificity in the superseding indictment, and the amount was proved beyond a reasonable doubt by defendant's guilty plea to the indictment. See Jackson , 240 F.3d at 1248.

Defendant also challenges the sentencing court's consideration when sentencing defendant of such factors as possessing a firearm, importing listed

chemicals, being an organizer of five or more participants, using children to avoid detection, obstruction of justice, and failing to accept responsibility.  Not all facts that affect a defendant's sentence are essential elements requiring prosecutorial proof and jury finding.  The Apprendi court noted that judges may still "exercise discretion—taking into consideration various factors relating to both offense and offender—in imposing a judgment within the range prescribed by statute." 120 S. Ct. at 2358.  In accordance with this principle, we have recently held that "Apprendi does not apply to sentencing factors that increase a defendant's guideline range but do not increase the statutory maximum."     United States v. Sullivan , No. 00-8012, 2001 WL 273260, at *7 (10th Cir. Mar. 20, 2001).

Defendant was sentenced to life imprisonment.  He was not, however, given a sentence greater than the maximum prescribed by statute for the crime for which he was convicted.  Because the indictment alleged a violation under 21 U.S.C. § 841(b)(1)(A) and set forth the specific quantities of drugs involved, and because those allegations were proved beyond a reasonable doubt by defendant's guilty plea, see North Carolina v. Alford  , 400 U.S. 25, 32 (1970) (holding that a guilty plea is an "admission that [the accused] committed the crime charged against him"), his sentence does not violate     Apprendi .

## II.  Sufficiency of Plea

Defendant asserts that the trial court failed to follow the procedure set forth in Fed. R. Crim. P. 11 for taking his guilty plea.  A district court has a duty to ensure that a defendant's guilty plea is knowing, intelligent, and truly voluntary.  See Fed. R. Crim. P. 11(d);    United States v. Gigot   , 147 F.3d 1193, 1197 (10th Cir. 1998).  "[W]hether the defendant's plea was knowing, intelligent, and voluntary[] is a question of law we review      de novo ."  Gigot , 147 F.3d at 1197.

On appeal, defendant alleges his plea was not knowing, intelligent, and voluntary because he did not understand that he was pleading guilty to the indictment and did not appreciate the full extent of the punishment he was facing.  Specifically, defendant contends that (1) he was prejudiced because he is not fluent in English and the proceedings had to be conducted through an interpreter; (2) he thought he was pleading guilty pursuant to an agreement rather than to the indictment; (3) he was told by the prosecutor and his attorney that he would only be sentenced to fourteen years in prison; and (4) there was no evidence that the Spanish translation of the plea petition was an accurate representation of the English version defendant signed.  We determine that none of defendant's arguments has merit. [2]

_____

[2]    The government has submitted additional evidence on appeal in the form of an affidavit from the interpreter at defendant's plea hearing.  The affidavit is

(continued...)

We have carefully read and reviewed the transcript of defendant's plea hearing, and we find no Rule 11 violations. Defendant was provided with an interpreter who translated the entire proceeding into Spanish, his native language. The trial court was thorough and clear in its explanation of defendant's rights, including his right to a jury trial. The court informed defendant of the charges in the indictment and confirmed that he understood those charges. The court advised him that his plea of guilty to the charges in the indictment could result in a sentence of not less than ten years or more than life and that the court would follow the sentencing guidelines. Defendant indicated his understanding without hesitation. When asked whether his plea of guilty was being made freely and voluntarily, defendant replied "Yes, Your Honor," and he replied in the affirmative when administered an oath of understanding before signing the plea petition. (III R. at 8.) Defendant's counsel informed the court that defendant had been provided with a copy of the plea petition in Spanish and stated that she had spent time with defendant answering his questions regarding the petition.

---

[2](...continued)
dated after the district court proceedings at issue here and is attached to the government's response brief. Because the affidavit was not part of the trial court record, we do not consider it as part of the appellate record. See United States v. Kennedy, 225 F.3d 1187, 1191 (10th Cir. 2000) ("This court will not consider material outside the record before the district court."), cert. denied, 2001 WL 214120 (U.S. Mar. 26, 2001) (No. 00-1352). Therefore, defendant's motion to strike is denied as moot.

On appeal, defendant argues he did not understand that he was pleading guilty to the first count of the indictment instead of a plea agreement. Defendant bases his challenge on a colloquy in which the judge asked if he was correct in stating that there was no plea agreement. Defense counsel answered, "That's correct, Your Honor," and defendant replied, "No." (  Id.) Defendant argues on appeal that his answer was ambiguous in that he could have been stating that the court's understanding was not correct and there was a plea agreement. We believe this argument to be tenuous at best. There is no other instance during the course of the hearing that would support defendant's contention that he was under the impression he was pleading guilty pursuant to a plea agreement. The court clearly expressed the charges in the indictment and made a thorough effort to secure defendant's understanding that he was pleading guilty to those charges.

Accordingly, we conclude that the trial court's conduct of defendant's plea hearing was in conformity with Rule 11 and that defendant knowingly, intelligently, and voluntarily pled guilty to the indictment as charged.

The judgment of the district court is AFFIRMED.

Entered for the Court


Carlos F. Lucero
Circuit Judge
