**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 26, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LUIS MANUEL GONZALEZ, also
known as Luis Gonzalez, formerly
known as Sergio Loera, also known as
Auren Velasco, also known as Guero,
also known as Luis,

    Defendant - Appellant.

No. 05-5009
(N.D. Oklahoma)
(D.C. Nos. 02-CV-759-C and
99-CR-66-C)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY, MURPHY,** and **HOLMES**, Circuit Judges.

**I. Introduction**

    Luis Manuel Gonzalez pleaded guilty to conspiracy to possess with intent

to distribute and to distribute methamphetamine and cocaine, in violation of 21

U.S.C. § 846. Based on a total offense level of fifty, pursuant to the United

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited
however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec.
1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

States Sentencing Guidelines, the district court sentenced him to life in prison. After this court affirmed the conviction on direct appeal, Gonzalez moved to vacate his sentence under 28 U.S.C. § 2255, alleging his attorney, Cindy Cunningham, erroneously assured him he would receive only fourteen years in prison if he pleaded guilty. The district court initially denied the motion without holding an evidentiary hearing. On appeal, this court remanded to the district court for an evidentiary hearing. *United States v. Gonzalez*, 98 F. App'x 825, 832 (10th Cir. 2004) (*Gonzalez II*). Following the evidentiary hearing, the district court again denied Gonzalez's motion, finding Cunningham had made no assurances as to the length of sentence that would be imposed. Gonzalez appeals the district court's order denying his motion. This court exercises jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a) and **affirms** the order of the district court.

## II. Background

Gonzalez, a Mexican national with limited conversational English and a sixth-grade education, was indicted for conspiracy to possess with intent to distribute and to distribute methamphetamine and cocaine. The superseding indictment listed Gonzalez as the principal supplier of methamphetamine for a large distribution network. Cunningham, the assistant federal public defender appointed to represent Gonzalez, spoke no Spanish and used an interpreter to communicate with Gonzalez.

After initially pleading not guilty, Gonzalez entered a plea of guilty on October 1, 1999, following a meeting with Cunningham and an interpreter.[1] At the plea hearing, the district court engaged in a colloquy with Gonzalez in which Gonzalez confirmed he was aware of the charges and was aware he faced a potential life sentence. Gonzalez also stated he was satisfied with Cunningham's representation. The petition to enter the guilty plea, which Gonzalez signed and confirmed he had discussed with his attorney, included a provision explaining no attorney had authority to promise him any particular sentence. Following this hearing, the district court accepted Gonzalez's guilty plea.

Subsequently, Gonzalez arranged a meeting with the government in an effort to provide cooperation sufficient to reduce his sentence. In a four-hour meeting with the United States Attorney's Office, however, Gonzalez provided no useful information. The government therefore did not give a favorable sentence recommendation as a result of this meeting.

The presentence investigation report ("PSR") prepared after Gonzalez's guilty plea indicated a total offense level of fifty. It based this calculation on a base offense level of thirty-eight for involvement in the sale of more than fifteen

---

[1] The parties dispute the length of the meeting on October 1. While Gonzalez claims the meeting lasted just fifteen minutes, the government contends the meeting could have lasted up to an hour. The district court found the evidence supported the conclusion that they spoke "much longer than the fifteen to twenty minutes" alleged by Gonzalez.

kilograms of methamphetamine, a two-point enhancement for possession of a firearm, a two-point enhancement for the unlawful importation of listed chemicals, a four-point enhancement for his role as organizer of a criminal activity, a two-point enhancement for the use of children to commit the offense, and a two-point enhancement for obstruction of justice based on Gonzalez's attempt to bribe and intimidate a witness while in jail. Additionally, the PSR did not give Gonzalez a downward adjustment for acceptance of responsibility because he had obstructed justice. Based on the PSR, Cunningham informed Gonzalez he was likely facing life imprisonment. Gonzalez alleges this was the first time Cunningham had ever discussed the possibility of a life sentence.

At the sentencing hearing, Gonzalez told the court he pleaded guilty only because Cunningham and Doug Horn, the Assistant United States Attorney, told him he would receive an unconditional fourteen-year sentence as a result of his plea.[2] Cunningham denied making any promises to Gonzalez, stating "I certainly know better than to make any promises of any amount of time to any client. I would never make that representation." The district court noted Gonzalez had been informed of the maximum sentence at the time of his plea. The court then sentenced Gonzalez to life in prison, based on an adoption of the reasoning set forth in the PSR.

---

[2] Gonzalez later retracted his statement as to Horn and limited his claim to the promise made by Cunningham.

Gonzalez first brought a direct appeal of his conviction and sentence, arguing his guilty plea was not knowing, intelligent, and voluntary because he did not fully understand the proceedings or the extent of punishment he faced. This court affirmed the conviction and the sentence, holding the district court properly complied with Rule 11 of the Federal Rules of Criminal Procedure and Gonzalez's guilty plea was knowing, intelligent, and voluntary. Gonzalez then moved to vacate his sentence under 28 U.S.C. § 2255, contending Cunningham's false promises of a fourteen-year sentence constituted ineffective assistance of counsel and improperly coerced his guilty plea. The district court initially denied the motion without an evidentiary hearing, finding no credible evidence to support Gonzalez's claim. On appeal, however, this court remanded to the district court for an evidentiary hearing on the issue of ineffective assistance of counsel. *Gonzalez II*, 98 F. App'x at 832.

At the evidentiary hearing, the court heard testimony from Cunningham and Gonzalez, as well as other witnesses. Gonzalez also introduced Cunningham's notes and a letter written by Cunningham in response to a complaint by Gonzalez filed with the Oklahoma Bar Association ("OBA"). Following the evidentiary hearing, the district court again concluded Gonzalez had failed to establish a claim for ineffective assistance of counsel. In doing so, the court rejected Gonzalez's testimony on this matter and found Cunningham made no promise as to the length of sentence Gonzalez would receive. Additionally, the district court

found any estimate of a reduced sentence given by Cunningham was contingent on Gonzalez's full cooperation with the government.

## III. Analysis

On appeal, Gonzalez argues Cunningham's ineffective assistance during the plea process coerced him into entering a plea which was not knowing and voluntary. Specifically, he alleges Cunningham recklessly promised him he would receive only fourteen years in prison if he pleaded guilty,[3] failing to adequately investigate and inform him of sentencing enhancements that would likely result in a life sentence.[4] He further contends he would not have pleaded guilty if not for that misrepresentation. Although the district court found Cunningham made no such promises, Gonzalez argues documentary evidence presented at the evidentiary hearing establishes these findings are clearly erroneous. This court has reviewed the evidence Gonzalez relies on and concludes there is sufficient evidence to support the district court's findings.

---

[3] In his brief, Gonzalez also characterizes this promise as a promise of nine to fifteen years. For purposes of consistency and simplicity, this court will identify the alleged promise as fourteen years, rather than nine to fifteen.

[4] Gonzalez indirectly raises additional instances of alleged ineffective assistance of counsel involving Cunningham's failure to object to various sentence enhancements. Gonzalez's appeal, however, does not challenge the sentence imposed and seeks only to vacate his plea and reverse his conviction. Thus, this court need not address these other claims because ineffectiveness at the time of sentencing could have no bearing on the voluntariness of Gonzalez's plea.

In reviewing a district court's denial of a § 2255 motion, this court reviews the district court's legal rulings *de novo* and its factual findings for clear error. *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006). A claim of ineffective assistance of counsel constitutes a mixed question of fact and law and is reviewed *de novo*. *Id.*

A guilty plea is valid only if it is entered by the defendant knowingly, voluntarily, and intelligently. *United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002). This standard is satisfied only if the defendant has "a full understanding of what the plea connotes and of its consequences." *Id.* (quoting *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)). Thus, a guilty plea is void if it is "induced by promises . . . which deprive it of the character of a voluntary act." *Wellnitz v. Page*, 420 F.2d 935, 936 (10th Cir. 1970) (quotation omitted). When a defendant enters a guilty plea on the advice of counsel, the defendant may attack the voluntariness of the plea by showing ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985).

To successfully challenge a guilty plea based on ineffective assistance of counsel, the defendant must show "that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's error, the defendant would have insisted upon going to trial." *United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005) (citing *Hill*, 474 U.S. at 58-59). This court has repeatedly recognized that an attorney's material misrepresentations to the

defendant as to the consequences of a plea may render a plea involuntary. *Id.*; *Laycock v. New Mexico*, 880 F.2d 1184, 1186 (10th Cir. 1989). This misinformation, however, generally must consist of false promises or guarantees. *See Fields v. Gibson*, 277 F.3d 1203, 1213 (10th Cir. 2002); *Braun v. Ward*, 190 F.3d 1181, 1189-90 (10th Cir. 1999). A mere miscalculation or erroneous sentence estimate by defense counsel "is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993).

In support of his claim that a promise was made, Gonzalez relies primarily on two pieces of documentary evidence presented at the evidentiary hearing. He first points to Cunningham's notes from August 17, 1999, which contain a calculation of a fourteen-year sentence, apparently based on her application of the Sentencing Guidelines. Additionally, Gonzalez relies on Cunningham's letter to the OBA. In this letter, Cunningham wrote, "Based on the initial amount of drugs reported by the government, it did appear that Mr. Gonzalez could be looking at anywhere from nine to fifteen years." As noted by this court in Gonzalez's first appeal of the denial of his § 2255 motion, if Gonzalez were able to establish Cunningham communicated these estimates to him as promises and he relied on these promises in pleading guilty, his claim would likely succeed. *Gonzalez II*, 98 F. App'x at 830; *see also Wellnitz*, 420 F.2d at 936 ("[I]f an attorney recklessly promises his client that a specific sentence will follow upon a guilty

plea . . . the question may arise . . . whether such representation may be deemed constitutionally ineffective.").

Contrary to Gonzalez's assertions, however, neither the August 17 notes nor the letter to the OBA provides conclusive evidence a promise was made. At most, they show only that Cunningham made an erroneous estimate of the sentence. Although this estimate was substantially below the life sentence ultimately imposed by the district court, this does not alone invalidate the plea. *See Thomas v. Kerby*, 44 F.3d 884, 886 (10th Cir. 1995). Likewise, even if Gonzalez formed false expectations as to the length of his sentence based on Cunningham's advice, "[a] defendant's subjective understanding . . . if it is not based upon any promise made by the defense attorney, the prosecutor, or the court, will not undermine the constitutionality of the plea . . . ." *Cunningham v. Diesslin*, 92 F.3d 1054, 1061 (10th Cir. 1996). In light of the district court's finding that no promise was made, Cunningham's erroneous estimate as to the sentence does not fall below an objective standard of reasonableness.

The district court further found Cunningham informed Gonzalez that the possibility of a fourteen-year sentence was contingent on his cooperation with the government. Based on the testimony at the evidentiary hearing, this court concludes such a finding was not clearly erroneous. First, Cunningham testified her fourteen-year sentence estimate was based on Gonzalez's cooperation with the government. She explained she told Gonzalez "many times" he could avoid a life

sentence only if he cooperated. Although Cunningham's notes do not mention substantial assistance as a prerequisite to her fourteen-year sentence calculation, this does not mean she could not have discussed this requirement with Gonzalez. In addition, Gonzalez's girlfriend, Patricia Barragan, testified that both Cunningham and Gonzalez told her he would receive fourteen to fifteen years *if he cooperated* with the government. Further, Gonzalez did in fact meet with the government following his guilty plea in an effort to provide assistance. While there is conflicting testimony regarding whether the fourteen-year estimate was contingent on Gonzalez's cooperation,[5] it is ultimately the role of the district court, not the appellate court, to assess credibility and weigh the evidence before it. *United States v. Browning*, 252 F.3d 1153, 1157 (10th Cir. 2001). Given the evidence in the record, it was not clearly erroneous for the district court to find Gonzalez was aware he could receive the fourteen-year sentence only if he provided substantial assistance to the government. His failure to provide such assistance cannot render Cunningham's representation constitutionally deficient.

There is also sufficient evidence in the record to support the district court's conclusion that Gonzalez was made aware of the possibility of a life sentence

---

[5] Although Barragan testified the fourteen-year sentence was contingent on Gonzalez's cooperation, she also testified the sentence was not contingent on his cooperation. Likewise, Gonzalez explained he met with the government following the plea not to avoid a life sentence, but rather in an effort to reduce his sentence below fourteen years.

before entering his plea. The district court found Cunningham was aware, prior to the guilty plea, that Gonzalez faced a life sentence if he failed to give the government his full cooperation. The court then found Cunningham met with Gonzalez on September 30, 1999, and October 1, 1999, informing him he could receive a maximum of a life sentence if he pleaded guilty. Gonzalez has failed to convince this court these findings are clearly erroneous.

Gonzalez challenges the district court's findings in two respects. He first argues Cunningham did not adequately investigate the possible sentence enhancements and therefore could not have been aware he likely faced a life sentence. Although Cunningham's name is notably absent from the United States Attorney's discovery logs, she and Horn each testified they discussed the sentencing enhancements prior to the change of plea. Thus, the absence of her name from the discovery logs does not conclusively show she was not adequately aware of the additional sentencing enhancements.[6] Even if she had not been aware of the specific enhancements, however, the evidence supports the conclusion she was adequately aware of the possibility additional enhancements

---

[6] This court recognizes that where erroneous advice is based on the attorney's failure to investigate the facts of the case in good faith, this failure may rise to the level of ineffective assistance of counsel, even if no promise is made. *See Moore v. Bryant*, 348 F.3d 238, 241 (7th Cir. 2003). In this case, however, there was sufficient evidence to support the finding that Cunningham had adequately informed herself of the sentencing enhancements which could result in a life sentence for Gonzalez.

could arise. Further, to the extent Gonzalez's sentence was enhanced based on information not made available until after his guilty plea, neither his nor Cunningham's lack of awareness of these specific enhancements has any bearing on his claim. *Cf. Silva*, 430 F.3d at 1099 ("[N]ew information later appearing in the presentence report concerning criminal history does not render the plea unknowing and involuntary.").

Gonzalez also argues the evidence does not support the district court's finding that Cunningham met with Gonzalez prior to the guilty plea to inform him of the possibility of a life sentence. While there are certainly two plausible versions of what happened on September 30 and October 1, the version accepted by the district court is not clearly erroneous. In addition to Cunningham's testimony that she informed Gonzalez of possible sentencing enhancements and a potential life sentence, Cunningham's notes and court records support the conclusion she spoke with Gonzalez to some extent on those dates.[7] Additionally, Gonzalez explicitly acknowledged during his change of plea hearing that he understood the sentence "would be a period of imprisonment no less than ten

---

[7] It is undisputed Gonzalez and Cunningham were present in the courtroom together on September 30, 1999, for the pretrial conference, and Cunningham's notes from that date indicate some discussion took place. Although court records indicate the interpreter was "not needed" at the hearing, it is undisputed she was present. Further, Gonzalez testified he was able to speak briefly with Cunningham without an interpreter on two occasions, despite not being able to understand her well. As to the meeting on October 1, the parties dispute only the length of the meeting and do not dispute a meeting with an interpreter occurred.

years and it could be for life." He also signed a petition to enter the guilty plea in which he recognized no one had the authority to promise him any particular sentence. While Gonzalez may have hoped or expected to receive a sentence less than the maximum, his erroneous expectation does not require the plea to be invalidated. *Fields*, 277 F.3d at 1214.

Because Gonzalez has failed to establish Cunningham assured him he would receive only fourteen years if he pleaded guilty and because the district court found Cunningham adequately informed him of the possibility of a life sentence, he has failed to show her performance "fell below an objective standard of reasonableness." *See Silva*, 430 F.3d at 1099. Therefore, this court need not reach the second prong of the ineffective assistance analysis. *See Strickland v. Washington*, 466 U.S.668, 697 (1984) ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

## IV. Conclusion

For the foregoing reasons, this court **affirms** the district court's denial of Gonzalez's § 2255 motion.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-13-