**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 23, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LUIS MANUEL GONZALEZ,

Defendant-Appellant.

No. 08-5067

(N.D. of Okla.)

(D.C. Nos. 4:08-CV-00207-HDC-SAJ
and 4:99-CR-00066-CVE-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

---

Luis Manuel Gonzalez appeals the district court's denial of his pro se "First

Amended 28 USC § 2255"[1] motion. For the foregoing reasons, we vacate the

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Gonzalez entitled his motion "Defendant's First Amended 28 USC § 2255 Pursuant to Federal Rule Civil Procedure 15(c)(2) 'Relation Back Theory' Cite: Mayle vs. Fleix, 162 L.Ed.2d 582 (2005)."

district court's order and remand to the district court with directions to dismiss for lack of jurisdiction.

## I. Background

Gonzalez was initially charged with conspiracy to possess methamphetamine and cocaine with the intent to distribute. He pleaded guilty to the conspiracy charge, and the district court imposed a sentence of life in prison. In 2001, we affirmed Gonzalez's conviction on direct appeal. *United States v. Gonzalez*, 12 F. App'x 792 (10th Cir. 2001).

Gonzalez then filed a 28 U.S.C. § 2255 motion, which the district court denied. On appeal, we remanded for an evidentiary hearing. *United States v. Gonzalez*, 98 F. App'x 825 (10th Cir. 2004). After conducting an evidentiary hearing, the district court again denied Gonzalez's § 2255 motion, and we affirmed that denial. *United States v. Gonzalez*, 209 F. App'x 842 (10th Cir. 2006).

This appeal follows a series of filings. First, on April 7, 2008, Gonzalez filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court denied that motion on April 9, 2008, finding Gonzalez was not entitled to a sentence reduction pursuant to § 3582(c)(2), and to the extent Gonzalez was actually raising a claim under *United States v. Booker*, 543 U.S.

220 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), he was not permitted relief under such a theory either.[2]

After the district court's denial of Gonzalez's § 3582(c)(2) motion, on April 11, 2008, Gonzalez filed an amended pro se § 2255 motion, entitled "Defendant's First Amended 28 USC § 2255 Pursuant to Federal Rule Civil Procedure 15(c)(2) 'Relation Back Theory' Cite: Mayle vs. Fleix, 162 L.Ed.2d 582 (2005)."

On April 23, 2008, the district court denied that amended motion. The district court concluded Gonzalez's amended motion was "identical in substance to a pleading filed by Gonzalez on April 7, 2008," with the exception that the April 11, 2008 motion added a claim of ineffective assistance of counsel for counsel's failure to object to the substantive claim Gonzalez asserts in both pleadings. R. Vol. I., Order, No. 99-CR-66-HDC, at 1 (D. Okla. Apr. 23, 2008). The district court explained that in Gonzalez's § 3582(c)(2) motion, the substance of his argument was that the court enhanced his sentence based on conduct not specifically charged in the offense of conviction or proven to a jury. Thus, his argument essentially asserted an alleged violation under *Booker* and *Apprendi*.

In dismissing the amended motion, the district court concluded that Gonzalez's April 11, 2008 motion was "subject to dismissal as being the same

---

[2] An appeal of that denial is pending in this court.

3

claim previously raised by the defendant in his motion filed on April 7, 2008." *Id.* at 2. Moreover, the court determined that Gonzalez's April 11, 2008 amended pleading could not properly be construed as a second or successive § 2255 pleading "because it fails to allege that his sentence was imposed in violation of the Constitution or laws of the United States or that it is otherwise subject to collateral attack." *Id.*

Gonzalez's *pro se* appeal of that denial is now before us.

## II. Discussion

Treating his pro se pleading liberally, we construe it as an unauthorized successive § 2255 petition because his allegations are essentially *Booker* and *Apprendi*-style constitutional claims.[3] Where a federal prisoner seeks to test the validity of a judgment and sentence, the exclusive remedy is that provided for in § 2255, unless that remedy is inadequate or ineffective. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Gonzalez has styled his motion as a habeas filing, and we construe it as such. And because judgment has already been entered on Gonzalez's first § 2255 petition, it cannot be disputed that this is a

---

[3] He argues: The "court unconstitutionally accepted a guilty plea . . . without actual notice of the essential elements [actual drug amounts] of the offense . . . ." Aplt. Br. 1. He also claims that "[t]o be constitutionally viable the criminal indictment must allege a Detectable Amount "OR MORE" for the court to impose a sentence in excess of the mandatory minimum." *Id.* at 2.

4

second or successive § 2255 petition. *See United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006).[4]

To file a successive or second petition for habeas relief, Gonzalez is required to first obtain authorization from this court. *See* § 2255(h); 28 U.S.C. § 2244(b)(3); *Nelson*, 465 F.3d at 1148 ("Under Rule 9 of the Rules Governing Section 2255 Proceedings, '[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.'"). Gonzalez has not done so, nor does he assert that his claims

---

[4] Gonzalez appears to argue that his amended motion relates back to his initial habeas petition, pursuant to Federal Rule of Civil Procedure 15. Under some circumstances, a habeas petition may be amended or supplemented as provided in the Federal Rules. *See* 28 U.S.C. § 2242. In 2005, the Supreme Court held in *Mayle v. Felix*, 545 U.S. 644, 654–664 (2005), that under Rule 15, a habeas petitioner may amend his petition to add claims after the statute of limitations has expired, but those additional claims will not "relate back" if they did not arise out of the "conduct, transaction, or occurrence" set forth in his original timely filed petition.

Here, we need not address whether Gonzalez's claims arose out of the same "conduct, transaction, or occurrence," as judgment had been entered on Gonzalez's initial habeas petition long before he filed this amended motion: not only had the district court ruled on his initial motion, but we had affirmed the district court's ruling denying Gonzalez's habeas claim. *See Nelson*, 465 F.3d at 1148–49 (holding that a motion to amend and supplement a § 2255 motion filed after judgment was entered must be treated as a successive § 2255 motion requiring prior circuit court authorization). Thus, the proper way to construe the amended motion is as a successive habeas petition.

5

meet the authorization standards set forth in § 2255(h). Thus, the district court lacked jurisdiction over the matter. *See Nelson*, 465 F.3d at 1148.

Consequently, we vacate the district court's order and remand to the district court with directions to dismiss for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251–53 (10th Cir. 2008). Gonzalez's motion to proceed in forma pauperis on appeal is DENIED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge