**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 23, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 08-5061 |
| v. | (N.D. of Okla.) |
| LUIS MANUAL GONZALEZ, | (D.C. No. 4:99-CR-00066-HDC-1) |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Luis Manuel Gonzalez appeals the district court's denial of his motion to

modify his sentence. Taking jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

Gonzalez pleaded guilty to conspiracy to possess methamphetamine and

cocaine with the intent to distribute. The district court imposed a sentence of life

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

in prison.[1]  Gonzalez's conviction was affirmed on direct appeal.  *United States v. Gonzalez*, 12 F. App'x 792 (10th Cir. 2001).

Gonzalez then filed a 28 U.S.C. § 2255 motion, which the district court denied.  On appeal, this court remanded for an evidentiary hearing.  *United States v. Gonzalez*, 98 F. App'x 825 (10th Cir. 2004).  After conducting an evidentiary hearing, the district court again denied Gonzalez's § 2255 motion, and this court affirmed that denial.  *United States v. Gonzalez*, 209 F. App'x 842 (10th Cir. 2006).

Gonzalez next filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2).  For reasons we explain below, the district court denied that motion, and Gonzalez filed a pro se appeal.[2]

## II.  Discussion

We review the denial of a reduction in sentence under § 3582(c)(2) for an abuse of discretion.  *United States v. Dorrough*, 84 F.3d 1309, 1311 (10th Cir. 1996), but review a court's interpretation of the United States Sentencing

---

[1]  The district court determined, pursuant to Appendix A of the United States Sentencing Guidelines (USSG), that the correct Chapter Two Guideline for the offense was USSG § 2D1.1: Unlawful Manufacturing, Importing, Exporting, Trafficking, or Possession; Continuing Criminal Enterprise.  This Chapter Two offense Guideline, to include various enhancements, resulted in a total offense level of 43.

[2]  Gonzalez also filed a "First Amended 28 USC § 2255" motion in the district court, which was also dismissed as essentially duplicative of the motion to modify his sentence. An appeal of that dismissal is also before us.

Guidelines (USSG) and other legal issues de novo. *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). Even construing Gonzalez's pro se filings liberally, *see Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007), we affirm, finding that the district court did not err in its legal conclusions or abuse its discretion in concluding that Gonzalez was not entitled to a sentence modification under § 3582(c)(2).

Section 3582(c) allows the court to modify a sentence in three circumstances: 1) on motion of the Director of the Bureau of Prisons if special circumstances exist; 2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or 3) if the sentencing range is subsequently lowered by the United States Sentencing Commission.

Gonzalez argues that due to an amendment to the USSG, his sentencing range was lowered, and he should be re-sentenced. *See* 18 U.S.C. § 3582(c)(2) ("The court may not modify a term of imprisonment . . . except . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the [USSG]. . . ."); USSG § 1B1.10 ("Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the [USSG], a reduction . . . is authorized under 18 U.S.C. § 3582(c)(2).").

Gonzalez bases his argument on Amendment 591 to the USSG, effective November 1, 2000. Amendment 591, which is retroactive, revised two sections of the Guidelines: USSG § 1B1.2, to clarify that the sentencing court must apply the offense guideline referenced in the Statutory Index for the statute of conviction, without regard to relevant conduct; and USSG § 2D1.2, which addressed a circuit conflict and clarified that the enhanced penalties of § 2D1.2 apply only in a case in which the defendant was convicted of an offense specifically referenced in that Guideline.

The district court explained that there are two reasons why Amendment 591 has no relevance to this case and its application would not have resulted in a shorter sentence for Gonzalez. First, the sentencing court correctly used the Statutory Index, Appendix A, to determine the most applicable Guideline offense for Gonzalez's conviction. Second, the offense guideline properly employed by the sentencing court was § 2D1.1 rather than § 2D1.2, which did not apply to Gonzalez's sentencing. We agree with this reasoning.[3]

---

[3] The government argues the district court lacked jurisdiction because Gonzalez's sentence was not based on a sentencing range that had subsequently been lowered by the Sentencing commission. We note that where a defendant's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," see 18 U.S.C. § 3582(c)(2), but instead was based on a valid Federal Rule of Criminal Procedure 11 plea agreement specifying a term of imprisonment, the district court lacks jurisdiction to consider the motion. *United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996) (holding that the defendant could not seek a reduction in the sentence stipulated to in his plea agreement via the statutory provision permitting modification of a

(continued...)

Additionally, the district court explained that although Gonzalez cast his motion as a request for modification under § 3582(c), he was in fact asserting a constitutional claim under *United States v. Booker*, 543 U.S. 220 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In particular, Gonzalez argues he was held responsible for a quantity of drugs not charged in the indictment, and therefore, his conviction was invalid. As the district court properly explained, though, a § 3582(c)(2) motion may not be employed to present such a claim.

Section "3582(c)(2) only expressly allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the [sentencing] range." *United States v. Price*, 438 F.3d 1005, 1007 & n.2 (10th Cir. 2006) ("[A sentencing court] is authorized to modify a defendant's sentence only . . . where Congress has *expressly* granted the court jurisdiction to do so. . . . [Thus] *Booker* does not provide a basis for a sentence reduction under § 3582(c)." (emphasis added) (internal citation and quotation marks omitted)); *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) ("*Booker* is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, *Booker* is inapplicable to § 3582(c)(2) motions."); *see also United States v. Clayton*, 92 F. App'x at 706 ("*Apprendi*-type claims cannot be brought

³(...continued)
sentence that was based on a guidelines range subsequently lowered by the Sentencing Commission). Here, nothing in the record suggests the plea agreement contained a stipulated term of sentence, unlike in *Trujeque*. *See United States v. Clayton*, 92 F. App'x 703, 704 n.1 (10th Cir. 2004).

under 18 U.S.C. § 3582(c)(2) for modification of a sentence, because they do not relate to a lowering of sentence ranges." (citations omitted)).

Based on this precedent, § 3582(c)(2) is not implicated by a decision of the Supreme Court that is unrelated to an actual amendment of the Guidelines. Thus, Gonzalez's § 3582(c)(2) motion was not the proper vehicle to advance these types of claims.[4] Furthermore, because this court already considered and rejected Gonzalez's *Apprendi* arguments on direct appeal, any request for relief on that basis is unavailing for that reason as well. *See Gonzalez*, 12 F. App'x at 794 (holding that Gonzalez's sentence of life imprisonment did not violate *Apprendi*, which required a jury to determine any fact that increased the penalty for a crime beyond the prescribed statutory maximum, because he pleaded guilty to a count of indictment in which the drug quantity was alleged with specificity).

We see no error on the part of the district court in denying the requested relief. Accordingly, we AFFIRM the denial of the motion for modification of

---

[4] Moreover, we have held that *Booker* is not retroactive. *See United States v. Bellamy*, 411 F.3d 1182, 1184 (10th Cir. 2005) ("We hold that *Booker* does not apply retroactively to criminal cases that became final before its effective date of January 12, 2005."). Gonzalez's conviction became final before *Booker*'s effective date.

Gonzalez's sentence.  Gonzalez's motion to proceed in forma pauperis on appeal

is DENIED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge