**UNITED STATES COURT OF APPEALS** April 30, 2014

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE MANUEL ZAMORA-
MARQUEZ,

Defendant-Appellant.

No. 13-2046
(D.C. Nos. 2:12-CV-00670-RB-LAM
and 2:11-CR-00415-RB-1)
(D.N.M.)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**[*]

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

---

This is a counseled 28 U.S.C. § 2255 proceeding. Appellant Jose Manuel

Zamora-Marquez seeks a certificate of appealability ("COA") to challenge the

district court's denial of his motion under § 2255 to vacate, set aside or correct

his sentence. We **deny** Mr. Zamora-Marquez's request for a COA and **dismiss**

this matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

**I**

Mr. Zamora-Marquez pleaded guilty to possession with intent to distribute fifty kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C), and 18 U.S.C. § 2. He received a ten-month sentence. After serving this sentence, Mr. Zamora-Marquez was detained by U.S. immigration authorities. While in detention,[1] he filed the instant § 2255 motion. Mr. Zamora-Marquez ultimately was removed from the country by the immigration authorities. A magistrate judge issued a report and recommendation ("R&R"), finding that Mr. Zamora-Marquez's claims were meritless, and (over Mr. Zamora-Marquez's objection) the district court adopted the R&R. The court also denied him a COA. Mr. Zamora-Marquez then filed an application for a COA with this court.

**II**

**A**

A COA is a jurisdictional prerequisite to our review of the merits of an appeal from a district court's denial of a § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B); *United States v. Tony*, 637 F.3d 1153, 1157 (10th Cir. 2011). We will issue a COA "only if the [movant] has made a substantial showing of the

---

[1] Because of his immigration-related detention, Mr. Zamora-Marquez satisfies the in-custody requirement for purposes of statutory jurisdiction under § 2255. *See United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994); *cf. Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) ("The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed.").

denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To satisfy this standard, the movant must demonstrate that "reasonable jurists could debate whether . . . the [§ 2255 motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Tony*, 637 F.3d at 1157 (omission in original) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

**B**

In his COA application, Mr. Zamora-Marquez argues that the district court erred in resolving his ineffective-assistance-of-counsel claim and in concluding that he failed to establish a violation of his due-process rights.  Addressing Mr. Zamora-Marquez's ineffective-assistance-of-counsel claim under the rubric of *Strickland v. Washington*, 466 U.S. 668, 688 (1984), we conclude that reasonable jurists could not debate the district court's conclusion that this claim failed because Mr. Zamora-Marquez was adequately informed of the immigration consequences of his guilty plea.  And for similar reasons, we also determine that reasonable jurists also could not debate the district court's decision to reject his due-process claim.

**1**

With regard to Mr. Zamora-Marquez's claim of ineffective assistance of counsel, Mr. Zamora-Marquez argued that his counsel had given him "false assurance" and "misled" him about the immigration consequences of his guilty

plea. Aplt. App. at 313 (Pl.'s Objections to R&R, filed Jan. 24, 2013). The district court, however, found these claims to be without merit. In this regard, Mr. Zamora-Marquez admitted in an affidavit that he met with his counsel "about four times before [he] plead[ed] guilty." *Id.* at 132 (Aff., dated June 14, 2012). Mr. Zamora-Marquez also certified in both the plea agreement and at the plea hearing that his counsel had informed him of the immigration consequences of his plea. Furthermore, the district court noted that "the plea agreement clearly and succinctly sets forth the consequences of Mr. Zamora-Marquez'[s] guilty plea." *Id.* at 335 (Order, filed Feb. 13, 2013). In particular, the court found that Mr. Zamora-Marquez was adequately informed that he faced removal.

Therefore, the district court concluded that Mr. Zamora-Marquez failed to establish that his counsel's representation fell below an objective standard of reasonableness under *Strickland*. *See* 466 U.S. at 688 (requiring a showing that attorney made errors so serious that attorney's performance could not be considered "reasonable[] under prevailing professional norms"); *Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (holding that the *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel). Given its determination that Mr. Zamora-Marquez could not prevail on the first prong of the *Strickland* test, the court rejected his ineffective-assistance-of-counsel claim. *See Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . even to address both components of the inquiry if

-4-

the defendant makes an insufficient showing on one."). Having thoroughly reviewed the record, we believe that reasonable jurists could not debate the district court's conclusion on this point. Therefore, Mr. Zamora-Marquez is not entitled to a COA on this claim.

**2**

As for Mr. Zamora-Marquez's due-process claim, he argues that the language of the plea agreement appears applicable to all criminal cases regarding aliens and, therefore, is too general to meaningfully inform him of his immigration consequences. However, the district court found that this claim lacked merit because his attorney and the court fully informed Mr. Zamora-Marquez of the consequences of *his* guilty plea. Beyond the express terms of his plea agreement, Mr. Zamora-Marquez was informed by the advisements of his counsel and the court that he faced removal. *See, e.g.*, Aplt. App. at 108, 111 (Plea Agreement, filed Apr. 6, 2011) (including counsel's certification that he "fully advised" Mr. Zamora-Marquez of "the consequences of entering into this [plea] agreement," which stated that, due to Mr. Zamora-Marquez's offense, "removal is presumptively mandatory"); *id.* at 122 (Tr. of Plea Hr'g, dated Apr. 6, 2011) (noting Mr. Zamora-Marquez's answer of "Yes" to the court's inquiry as to whether he "underst[oo]d that as a citizen of another country, [he] will likely be deported or removed from the United States"). Furthermore, in his plea agreement, Mr. Zamora-Marquez expressly agreed to "any immigration

consequences," including possible "automatic removal." *Id.* at 108. He also certified in the agreement that he understood the terms of his plea and "voluntarily agree[d]" to them. *Id.* at 111. Indeed, as we read it, the record clearly reveals that Mr. Zamora-Marquez was informed about the consequences of *his* guilty plea and his plea was made knowingly, intelligently, and voluntarily. *See United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir. 1998). Thus, we conclude that reasonable jurists could not debate the district court's determination that Mr. Zamora-Marquez's due-process claim lacks merit.

## III

Based on the foregoing, and for substantially the reasons stated by the district court, we **DENY** Mr. Zamora-Marquez a COA and **DISMISS** this matter.

Entered for the Court


JEROME A. HOLMES
Circuit Judge