FILED
United States Court of Appeals
Tenth Circuit

October 29, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN HEATH COLLINS,

Defendant - Appellant.

No. 15-6056
(D.C. Nos. 5:14-CV-00798-HE and
5:12-CR-00076-HE-1)
(W.D. of Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **MORITZ**, Circuit Judges.[**]

---

Brian Collins pleaded guilty, pursuant to a plea agreement, to one count of

manufacturing 50 grams or more of methamphetamine, in violation of 21 U.S.C.

§ 841(a)(1), and was sentenced to 168 months in prison. On direct appeal, we

affirmed and the Supreme Court denied a writ of certiorari. Collins, *pro se*, then

sought habeas relief pursuant to 28 U.S.C. § 2255 asserting, as relevant here,

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

ineffective assistance of counsel on two grounds. The district court granted a certificate of appealability (COA) on one ground: that his attorney essentially abandoned him and failed to correct errors in the presentence investigation report (PSR), but ultimately denied the habeas motion on all grounds.

Collins appeals, arguing that he suffered prejudice as a result of his attorney's lack of communication. He also seeks a COA on the second ineffective assistance of counsel claim, that his attorney misrepresented the consequences of his guilty plea.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's denial of Collins's § 2255 motion and decline to issue a COA.

## I. BACKGROUND

Brian Collins was indicted on two counts of manufacturing and distributing methamphetamine, both in violation of 21 U.S.C. § 841(a)(1). The court appointed counsel to represent Collins because he was indigent. Collins was then offered a plea deal by the government, and counsel later spent about thirty minutes reviewing the plea agreement with Collins. Pursuant to the agreement, Collins pleaded guilty to the manufacturing count and the distribution count was dismissed.

The resulting PSR classified Collins as a career offender. This enhancement affected his guidelines range in two ways. First, the offense level was increased from 30 to 34, because the Guidelines, USSG § 4B1.1(b), directs

the use of whichever offense level is higher between the normal computation and the career offender enhancement. Second, the criminal history category was increased from V to VI, because USSG § 4B1.1(b) specifies that a career offender's criminal history category is always VI. In the sentencing memorandum, counsel wrote that the pre-enhancement range should have been 84 to 104 months. The post-enhancement sentencing range was 188 to 235 months (though the PSR erroneously recommended 168 to 210 months).

At the sentencing hearing, counsel argued for a below-guidelines sentence. The district court heard from Collins and then addressed the statutory factors. In imposing the 168-month sentence, the court concluded:

> The ultimate question here, of course, is how long he should be incarcerated in the circumstances here. It does appear to me that there needs to be a substantial sentence in this case, but I think in terms of the overall circumstances, particularly, against the backdrop of what, as I said earlier, were the unusual progression of tragedies that appear to have triggered the most recent activities by the defendant, I'm not persuaded that a sentence fully within the guideline range is necessary, although I do think there needs to be a substantial sentence here.
>
> What I'm going to do is sentence the defendant to 168 months in the custody of the Bureau of Prisons. That is a substantial sentence, and is the bottom of the guideline range which would have applied earlier had we not had the career offender situation that was affecting both the offense level and the criminal history category.[1] But it does seem to me that that is a substantial enough sentence in this case to accomplish the statutory objectives of sentencing.

---

[1] In fact, under the PSR, the low-end sentence would have been 120 months.

R., Vol. III at 39–40.

## II. DISCUSSION

Collins contends the district court erred in assessing his counsel's conduct at both the sentencing and plea bargain stages. We reject both arguments.

*A. Sentencing*

Collins's primary argument asserts that counsel was ineffective during sentencing because he should have done two things: first, counsel should have argued for a lower criminal history (IV) and offense level (28) calculation to yield a lower unenhanced sentencing range; and second, he should have used that lower calculation to argue that the career offender enhancement was excessive and unwarranted. The district court granted a COA. It found that counsel was constitutionally deficient due to his failure to communicate, especially regarding the PSR. The court then denied relief because Collins did not show prejudice, in other words, that, but for counsel's errors, the court would have given a lower sentence.

"When reviewing a district court's denial of a § 2255 petition, we review questions of law de novo and questions of fact for clear error." *United States v. Harms*, 371 F.3d 1208, 1210 (10th Cir. 2004) (citation omitted). To establish ineffective assistance of counsel, the defendant must demonstrate that counsel's deficient performance prejudiced his case, meaning that but for counsel's deficient performance, he would *likely* have received a lower sentence. *United*

*States v. Washington*, 619 F.3d 1252, 1262 (10th Cir. 2010). This likelihood must be "substantial, not just conceivable." *United States v. Rushin*, 642 F.3d 1299, 1310 (10th Cir. 2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (citation omitted)).

We agree with the district court that Collins has failed to establish prejudice. First, in the sentencing memorandum, counsel *did* present the exact pre-enhancement guidelines range that Collins requested (84 to 104 months).[2] Collins argues that the presentation was not argumentative enough. But Collins's burden is higher than establishing a possibility that a more emphatic argument might have yielded a lower sentence; he must establish a substantial likelihood that a lower sentence would have resulted.

Second, even if counsel had emphasized that lower range, Collins cannot show it is substantially likely that his sentence would have been reduced. He argues that the district court had a "desire" to impose a sentence at the bottom of the guidelines range as if the career offender provisions did not apply. But more likely, the court intended to emphasize that 168 months was appropriate given the many § 3553 factors it referenced during sentencing: the serious nature of the crime, defendant's lengthy criminal history, defendant's life circumstances,

---

[2] "But for the calculation as a Career Offender, Mr. Collins [sic] range of punishment under the guidelines would be 84 to 104 months. This range is based on an initial criminal offense level of 28 subtracting 3 points for acceptance of responsibility and a Criminal History of IV (8 criminal history points)." R., Vol. I at 103–04.

deterrence, and protection of the public. It said that though there needed to be a "substantial sentence," given the recent life tragedies of the defendant, it was "not persuaded that a sentence fully within the guideline range is necessary." R., Vol. III at 39–40.

Even if the district court specifically intended to impose the bottom-end sentence as if the career offender enhancement did not apply, Collins cannot show with a substantial likelihood that his counsel's greater emphasis on a pre-enhancement range of 84 to 104 months (versus the PSR range of 120 to 150 months) would have resulted in a greater downward departure. His actual sentencing range of 188 to 210 months was correctly calculated, and the district court then chose a sentence of 168 months. Changing the low end of an inapplicable guidelines range *might* have affected the court's decision, but Collins cannot prove a substantial likelihood that it would have.

Collins points to *United States v. Fernandez*, 436 F. Supp. 2d 983 (E.D. Wis. 2006), to argue that when counsel failed to push for a lower pre-enhancement range, Collins was prejudiced because the court did not have the opportunity to consider the drastic increase that the career offender provision imposed. But *Fernandez* is not persuasive. There, the court concluded that the career offender increase would conflict with the purposes of sentencing under 18 U.S.C. § 3553(a). *Fernandez*, 436 F. Supp. 2d at 984. Here, the court first addressed the statutory factors and concluded there "needs to be a substantial

-6-

sentence," though not one "fully within the guideline range." R., Vol. III at 39–40. It then concluded that 168 months would "accomplish the statutory objectives of sentencing." *Id.* at 40. We decline to find prejudice here because even if counsel had pointed to an uncontestedly inapplicable guidelines range more emphatically and cited a non-binding, fact-specific case, Collins has not proven that he likely would have received a lower sentence.

### B. Plea agreement

Collins's second argument is that counsel was ineffective because he materially misrepresented the consequences of the plea agreement. Collins does not dispute that his criminal history properly categorizes him as a career offender. But he does assert that his counsel led him to believe that the career offender enhancements would not apply under the plea deal.

The district court did not grant a COA on this ground. It found that Collins had not established "blatant and significant misrepresentations," *Mendoza v. Hatch*, 620 F.3d 1261, 1272 (10th Cir. 2010), but rather that the evidence showed only a misunderstanding. Even if misrepresentations existed, the district court said Collins could not establish prejudice "[c]onsidering the benefits defendant received by pleading guilty and the lack of any indication that he likely would have succeeded at trial[.]" R., Vol. I at 171.

We issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this

-7-

standard, Collins must show that "reasonable jurists could debate whether the § 2255 motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *United States v. Zamora-Marquez*, 565 F. App'x 695, 697 (10th Cir. 2014) (alterations and citation omitted).  We agree with the district court and deny a COA.

"In the guilty plea context, to establish a claim for ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's error, the defendant would have insisted upon going to trial." *United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005).  "Material misrepresentations," but not mere miscalculations, can rise to constitutionally deficient performance.  *United States v. Gonzalez*, 209 F. App'x 842, 845 (10th Cir. 2006).  Collins seems to concede that he cannot prove misrepresentations, and instead argues that the misunderstanding resulted from a significant deficiency in communication.  This argument was not presented to the district court and Collins has not demonstrated that reasonable jurists would have addressed the material misrepresentations issue differently.

### III.  CONCLUSION

For the foregoing reasons we AFFIRM the denial of the § 2255 motion on Collins's ineffective assistance challenge regarding sentencing, DENY a COA on

his ineffective assistance challenge regarding the guilty plea, and DISMISS his

appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge

.