**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 10 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LUIS CISNEROS LEDESMA,

    Defendant - Appellant.

No. 01-8085
(D.C. Nos. 01-CV-102-J,
97-CR-132-02-J)
(D. Wyoming)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

Defendant-Appellant Luis Cisneros Ledesma, a federal inmate appearing

pro se, seeks a certificate of appealability ("COA") allowing him to appeal the

district court's order denying relief on his motion made pursuant to 28 U.S.C.

§ 2255. Because Mr. Ledesma has not "made a substantial showing of the denial

of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a COA and dismiss the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

appeal.

The background of Mr. Ledesma's activities and the trial leading to his conviction can be found in his direct appeal. United States v. Ledesma, 203 F.3d 836, 2000 WL 155591 (10th Cir. Feb. 14, 2000) (table). After pleading guilty to one count of unlawful reentry into the United States after having been deported, 8 U.S.C. § 1326(b)(2), Mr. Ledesma was convicted by a jury of one count of conspiracy to possess with intent to distribute and distribution of methamphetamine. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. Mr. Ledesma was sentenced to a concurrent sentence totaling 240 months, a $4,000 fine, and a $200 special assessment.

Mr. Ledesma filed his § 2255 petition in the district court, claiming that his conviction should be vacated because (1) the trial court lacked subject matter jurisdiction because the indictment failed to specify the quantity of methamphetamine; and (2) the sentencing judge determined the quantity of methamphetamine instead of the jury, thus violating the rule of Apprendi v. New Jersey, 530 U.S. 466 (2000). The district court rejected these arguments on the following grounds: (1) Mr. Ledesma did not raise the issues in his direct appeal, and failed to show cause and resulting prejudice or a fundamental miscarriage of justice to overcome the procedural bar; and (2) even if he had not defaulted, Mr. Ledesma's sentence was within the twenty year statutory maximum and, therefore,

Apprendi was not violated.

We agree with the district court.[1] In United States v. Mora, 293 F.3d 1213, 1219 (10th Cir. 2002), we held that Apprendi is not applicable retroactively to initial habeas petitions. We add that even if the indictment should have included drug quantity, it does not deprive a court of jurisdiction. United States v. Cotton, 122 S. Ct. 1781, 1783–85. Further, the Supreme Court held that no constitutional violation occurs where a judge finds "a fact increasing the mandatory minimum (but not extending the sentence beyond the statutory maximum) . . . ." Harris v. United States, 122 S. Ct. 2406, 2414 (2002). In such a circumstance, "the jury's verdict has authorized the judge to impose the minimum with or without the finding." Id. Here, the jury's verdict, even without a finding regarding methamphetamine quantity, allowed the district court to sentence Mr. Ledesma within the twenty-year statutory maximum of 21 U.S.C. § 841(b)(1)(C). See United States v. Thompson, 237 F.3d 1258, 1262 (10th Cir. 2001) (no Apprendi violation where the sentence fell within the statutory range of 21 U.S.C. § 841(b)(1)(C)).

---

[1]It appears from the district court docket entries that Mr. Ledesma may have filed his notice of appeal untimely. The district court, however, did not enter a separate Fed. R. Civ. P. 58 judgment. As such, we will proceed to the determination of whether to grant a COA to Mr. Ledesma. See Allison v. Bank One-Denver, 289 F.3d 1223, 1232–33 (10th Cir. 2002) (accepting jurisdiction where no Rule 58 judgment had been entered).

Therefore, for substantially the same reasons given by the district court, we DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge