**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

v.

JOHNNY BLAZE,

        Defendant – Appellant.

No. 11-1254
(D. Colo.)
(D.C. No. 1:95-CR-00367-LTB-2)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

After a business venture failed, an embittered investor hired Johnny Blaze to

recover his losses from Colorado promoters who introduced him to the deal.  Blaze was

able to recoup the money, but only after showing up at a promoter's home, holding a gun

to his head, and threatening to kill his family.  A jury found Blaze guilty of multiple

---

[*] This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A).  Citation to unpublished decisions is not prohibited.  Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value.  10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished).  *Id.*

The parties have waived oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R.
34.1(G).  This case is submitted for decision on the briefs.

crimes in connection with the extortion scheme, and the district court sentenced him to 240 months imprisonment, the statutory maximum. *United States v. Blaze*, 143 F.3d 585, 586-88 (10th Cir. 1998). Notably, in calculating the sentencing range, the court applied an enhancement based on Blaze's use of a firearm during the commission of the crime. USSG § 2B3.2(b)(3)(A)(ii).[1]

After his convictions and sentence were upheld on direct appeal, *Blaze*, 143 F.3d at 594, he filed a motion to vacate the criminal judgment under 28 U.S.C. § 2255. The district court denied the motion; we affirmed. *United States v. Blaze*, 78 F. App'x 60, 67 (10th Cir. 2003). Several years later, Blaze filed a motion captioned "Amended Supplemental § 2255 Motion" in which he raised new objections to the legality of his sentence. The district court construed the filing as a request for permission to file a successive motion under § 2255 and transferred it to this Court, where it was dismissed as a result of Blaze's failure to prosecute.

In this appeal, Blaze characterizes his most recent filing in the district court to have been a motion under 18 U.S.C. § 3582.[2] He claims he was entitled to a sentence reduction in light of the Supreme Court's holding that the machine gun provision in 18 U.S.C. § 924(c)(1)(B)(ii) is an element to be proven beyond a reasonable doubt at trial, not a sentencing factor. *See United States v. O'Brien*, 130 S. Ct. 2169, 2180 (2010).

---

[1] Blaze was sentenced pursuant to the 1995 edition of the United States Sentencing Commission Guidelines Manual. All citations to the guidelines in this decision refer to the 1995 guidelines unless otherwise indicated.

[2] In the district court he simply moved, without further explanation, to reduce his sentence.

Blaze extrapolated a broader holding from *O'Brien*: for any rule that works to increase a criminal penalty based on the use of a firearm, he posited, the type of firearm is an element of the offense which must be proven to the jury. Blaze maintained the firearm enhancement in USSG § 2B3.2(b) was such a rule.

The district court rejected the motion on the merits. It explained: 1) Blaze had not been convicted of a firearm offense, so there were no firearm-related elements to be proven to a jury; 2) In arguing to the contrary, Blaze was conflating a statutory enhancement, which increases the range of penalties to which a defendant is exposed, with a sentencing factor, which limits a judge's discretion in sentencing a defendant within the prescribed range; and 3) The provision at issue in *O'Brien* was a statutory enhancement; the one here a sentencing factor. The court also denied Blaze's request to proceed on appeal without prepaying fees, finding his appeal was not taken in good faith because he had not identified a reasoned, non-frivolous argument in support of the issue to be raised on appeal. *See* 28 U.S.C. § 1915(a)(3).

The district court should not have reached the merits. Where a challenge to a federal sentence does not arise on direct appeal or collateral review, subject matter jurisdiction hinges on the district court's authority to modify the sentence under § 3582. *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997)*; United States v. Blackwell*, 81 F.3d 945, 947, 949 (10th Cir. 1996). Apart from limited exceptions not relevant here, a district court may modify a sentence under § 3582 only if the applicable sentencing range has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). Without action by the Sentencing Commission, a Supreme Court decision—

even one with the effect of reducing a defendant's imprisonment range—cannot satisfy the statutory criteria. *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006). Since Blaze stakes his motion on a change in the case law rather than an action of the Sentencing Commission, § 3582(c)(2) is not applicable. Once that was determined, the district court lacked jurisdiction to proceed further.

To the extent Blaze's most recent filing can be construed as a request for permission to file a second § 2255 motion, the request is denied. Blaze's claim to be entitled to the benefit of a lower sentence under *O'Brien* is frivolous. Even if we were to accept his expansive reading of the holding, which exceeds its elastic limits, Blaze would not be entitled because *O'Brien* does not announce a new rule of constitutional law for the purposes of § 2255(h), much less one made retroactive by the Supreme Court.

We VACATE the judgment and REMAND for the district court to dismiss the motion for lack of jurisdiction. Our decision to remand does not affect our conclusion that Blaze failed to identify a nonfrivolous legal argument in support of the issue he attempts to raise on appeal.[3] We agree with the district court that he is not entitled to proceed without prepayment of fees. Blaze must pay the filing and docket fees in full to

---

[3] Blaze has renewed his request to proceed on appeal *in forma pauperis* here.

the clerk of the district court.  *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).

                                                                   **Entered by the Court:**

                                                                    **Terrence L. O'Brien**
United States Circuit Judge