FILED
United States Court of Appeals
Tenth Circuit

July 2, 2013

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

No. 12-4041

KENNETH J. NEILSON,

Defendant–Appellant.

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 2:09-CR-00286-TS-RTB-1)**

Scott Keith Wilson, Assistant Federal Public Defender (Kathryn N. Nester, Federal Public Defender, with him on the briefs), Salt Lake City, Utah, for Defendant–Appellant.

Elizabethanne C. Stevens, Assistant United States Attorney (David Barlow, United States Attorney, with her on the brief), Salt Lake City, Utah, for Plaintiff–Appellee.

Before **KELLY**, **McKAY**, and **O'BRIEN**, Circuit Judges.

**McKAY**, Circuit Judge.

Defendant Kenneth Neilson appeals the thirty-month sentence he received for

interfering with the administration of the internal revenue laws in violation of the

omnibus clause of 26 U.S.C. § 7212(a). Specifically, he contends the district court erred in selecting the guideline under which his sentence would be calculated. Violations of the omnibus clause may be sentenced under either U.S.S.G. § 2T1.1, the guideline for "Tax Evasion; Willful Failure to File Return, Supply Information, or Pay Tax; Fraudulent or False Returns, Statements, or Other Documents," or U.S.S.G. § 2J1.2, the guideline for "Obstruction of Justice," and Defendant contends the district court erred in calculating his sentence under the former guideline rather than the latter.

After revising the statement of facts in the plea agreement to remove certain allegations, Defendant admitted to the following conduct as the basis for his plea of guilty:

> [D]uring the period alleged in Count Two of the Indictment I did corruptly endeavor to obstruct and impede the due administration of the Internal Revenue laws by using third parties to accomplish the transfer of property to trusts; reporting financial information to the IRS that was different from the information I reported to lenders from whom I sought loans; mailing frivolous letters to the IRS as part of a scheme wherein I sought to "redeem" the value of my birth certificate by stamping "Accepted for Value" on documents sent to me by the IRS and attaching them to such letters; presenting "Bills of Exchange" as payment of my tax debts; declaring that I was a sovereign citizen of the State of Utah and not subject to the laws of the United States; and sending harassing documents to the IRS seeking personal information on all IRS employees.

(R. Vol. I at 26.) At sentencing, the district court was tasked with deciding whether U.S.S.G. § 2T1.1 or U.S.S.G. § 2J1.2 was the "most appropriate" guideline for this conduct, U.S.S.G. app. A at 549, 568 (2011), and the court concluded without much discussion that the admitted conduct "falls clearly within the 2T1.1 tax evasion

-2-

provision," rather than the Section 2J1.2 obstruction provision (R. Vol III at 68). On appeal, we review de novo the legal question of which guideline most appropriately applies to the stipulated facts. *United States v. Fortier*, 180 F.3d 1217, 1225 (10th Cir. 1999).[1]

Where more than one guideline section is referenced for a particular statute, the sentencing guidelines instruct courts to "use the guideline most appropriate for the offense conduct charged in the count of which the defendant was convicted." U.S.S.G. app. A, introductory cmt. In many cases, this choice may be obvious. For instance, in *United States v. Wright*, 642 F.3d 148, 153 (3d Cir. 2011), where the offense conduct involved United States bearer obligations, the Third Circuit had little difficulty deciding that the guideline for "Counterfeit Bearer Obligations of the United States" was more appropriate than the guideline for "Counterfeit Instruments Other than Counterfeit Bearer Obligations of the United States." In other instances, the choice may not be as clear, and the court must undertake a more detailed comparison between the offense conduct and the

---

[1] The government asserts that this question may sometimes be reviewed for clear error instead, citing for support to certain imprecise language in our recent decision in *United States v. Rakes*, 510 F.3d 1280, 1287 (10th Cir. 2007). (Appellee's Br. at 9-10.) *See also United States v. Halliday*, 665 F.3d 1219, 1223 (10th Cir. 2011) (stating that there is an "apparent discrepancy" between *Rakes* and other cases, but declining to resolve this possible conflict). However, to the extent *Rakes* can be read as departing from the de novo standard of review stated in *Fortier* and other prior precedent, it is not good law. *See Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1240 (10th Cir. 1999) ("It is well-settled that when faced with an intra-circuit conflict, a panel should follow earlier, settled precedent over a subsequent deviation therefrom." (internal quotation marks omitted)).

conduct punishable under each guideline to determine which is most appropriate.  For

instance, in *United States v. Kaster*, No. 97-3210, 1998 WL 78995 (7th Cir. Feb. 19,

1998) (unpublished), the Seventh Circuit had to determine whether the fraud guideline or

the perjury guideline should apply to a defendant's conduct in making false statements to

a bankruptcy court.  Although this conduct involved both perjury and fraud, the Seventh

Circuit affirmed the district court's conclusion that the defendant's conduct was "more

akin to perjury than fraud," thus warranting application of the perjury guideline.  *Id.* at

\*2.[2]  In this case, we likewise consider whether Defendant's conduct as a whole was

"more akin to" the conduct covered by Section 2T1.1 or by Section 2J1.2.

To make this determination, we must first consider what type of conduct is

covered by each of the possible guidelines.  We consider first Section 2T1.1.  This

guideline, entitled, "Tax Evasion; Willful Failure to File Return, Supply Information, or

Pay Tax; Fraudulent or False Returns, Statements, or Other Documents," is contained

within the section of the guidelines for "Offenses Involving Taxation."  U.S.S.G. Part T

(capitalization standardized).  Offenses punishable under Section 2T1.1 include, among

other things, evading taxes, 26 U.S.C. § 7201, wilfully failing to file a tax return, keep

records, or supply information as required by the tax code and regulations, *id.* § 7203,

making fraudulent statements under penalty of perjury in a "return, statement, or other

---

[2] The Seventh Circuit, unlike this circuit, reviews the district court's choice of the
most appropriate guideline for clear error.  *See Kaster*, 1998 WL 78995, at \*2.  However,
this difference in the appellate standard of review does not affect the underlying question
of how a court should select the most appropriate guideline in a particular case.

document," *id.* § 7206(1), "[s]imulat[ing] or falsely or fraudulently execut[ing] or sign[ing] any bond, permit, entry or other document required by the provisions of the internal revenue laws, or by any regulation made in pursuance thereof," *id.* § 7206(3), removing, depositing, or concealing "any goods or commodities for or in respect whereof any tax is or shall be imposed, or any property upon which levy is authorized . . . with intent to evade or defeat the assessment or collection of any tax," *id.* § 7206(4), "deliver[ing] or disclos[ing] to the Secretary any list, return, account, statement, or other document known . . . to be fraudulent or to be false as to any material matter," *id.* § 7207, and making false statements to purchasers or lessees relating to taxes, *id.* § 7211. *See* U.S.S.G. app. A at 567-68 (2011). In other words, this guideline targets both tax evasion and various other illegal and fraudulent actions involving taxation.

The other possible guideline for a violation of the omnibus clause, Section 2J1.2, is entitled "Obstruction of Justice" and contained within the section of the guidelines that applies to "Offenses Involving the Administration of Justice." U.S.S.G. Part J (capitalization standardized). Offenses punishable under this guideline include, among other things, making false statements, 18 U.S.C. § 1001, "corruptly, or by threats or force, . . . endeavor[ing] to influence, intimidate, or impede" a juror or judicial officer, *id.* § 1503, obstructing a civil or administrative proceeding, *id.* § 1505, stealing or altering court records, *id.* § 1506, unlawfully recording jury deliberations, *id.* 1508, obstructing court orders, *id.* § 1509, attempting to bribe a criminal investigator, *id.* § 1510(a), tampering with or retaliating against a witness, victim, or informant, *id.* §§ 1512, 1513,

obstructing a federal audit, *id.* § 1516, and knowingly altering, destroying, concealing, or falsifying records with the intent to impede, obstruct, or influence a federal investigation or bankruptcy case, *id.* § 1519. *See* U.S.S.G. app. A at 558, 560 (2011). Thus, this guideline covers a broad range of conduct that generally involves interfering with the administration of the justice system.

Comparing the stipulated conduct to the conduct covered under each guideline, we agree with the district court that Section 2T1.1 was the most appropriate guideline. Although some of Defendant's conduct may also have obstructed justice, his conduct overall had more to do with taxation. The actions he stipulated to—using third parties to transfer property to trusts, reporting different financial information to the IRS than he reported to lenders, mailing frivolous letters seeking to "redeem" the value of his birth certificate, declaring that he was not subject to the laws of the United States, harassing IRS employees, and seeking to satisfy his tax debts through "Bills of Exchange" rather than payment—are more akin to the other types of tax offenses covered under Section 2T1.1 than to the other types of obstruction of justice covered under Section 2J1.2.

We are unpersuaded by Defendant's argument that Section 2T1.1 is inapplicable because his admitted conduct does not squarely meet every element of the tax evasion statute, 26 U.S.C. § 7201, which is one of several statutes punishable under this guideline. In order for Defendant's violation of the omnibus clause to be punishable under Section 2T1.1 rather than Section 2J1.2, his conduct need only be more akin to the other conduct punishable under that section—it need not meet every element of a particular offense

(other than a violation of the omnibus clause) punishable under that section. Regardless of whether Defendant's stipulated conduct would meet every element of tax evasion, it is certainly akin to tax evasion and the other taxation offenses punishable under Section 2T1.1. It is likewise irrelevant that Defendant edited the proposed statement of facts in the plea agreement to remove allegations that were even more clearly linked to various tax evasion strategies. The question is simply whether the conduct he ultimately admitted to was more akin to Section 2T1.1's tax evasion and related taxation offenses than to Section 2J1.2's obstruction of justice offenses, and we conclude it was.

Defendant additionally relies on our unpublished decision in *United States v. Gunwall*, Nos. 97-5108, 97-5123, 1998 WL 482787 (10th Cir. Aug. 12, 1998) (unpublished), to argue that Section 2J1.2 is the most appropriate guideline. However, this case does not support Defendant's position. First, the court in *Gunwall* was not deciding between the application of Section 2T1.1 and 2J1.2. Rather, the court considered only whether the defendants should be sentenced under Section 2A2.4, which applies to the first clause of 26 U.S.C. § 7612(a), or under Section 2J1.2, one of two guidelines applicable to the omnibus clause of this statute. *See id.* at *3 (identifying Section 2J1.2 as "the" guideline for the omnibus clause). Moreover, the defendants in *Gunwall* interfered with the administration of justice by, for instance, attending an IRS sale of their seized property where they handed a citizens arrest warrant to the presiding IRS official and "gave potential bidders a warning that they could not legally buy the property being sold." *Id.* at *1. We have no difficulty in concluding that this conduct had

-7-

much more to do with obstructing the justice system and much less to do with evading the incurrence or payment of tax liabilities than Defendant's conduct in the instant case. The fact that the *Gunwall* defendants also engaged in some conduct similar to Defendant's conduct in this case does not require application of Section 2J1.2 here, particularly since the *Gunwall* court did not consider the possible applicability of Section 2T1.1.

Finally, Defendant argues the district court committed various errors in deciding to apply Section 2T1.1. For instance, Defendant contends the court failed to adequately explain its reasoning and erroneously considered relevant conduct as well as the offense conduct in deciding which guideline to apply. *See United States v. Bloomgren*, No. 12-8018, 2012 WL 3038570, at *1 (10th Cir. July 26, 2012) (unpublished) (noting that Amendment 591 to the sentencing guidelines "revised . . . U.S.S.G. § 1B1.2[] to clarify that a sentencing court must apply the offense guideline referenced in the statutory index for the statute of conviction, without regard to uncharged relevant conduct"); *see also United States v. McEnry*, 659 F.3d 893, 897 (9th Cir. 2011) (holding that "a district court may not use relevant conduct to select whatever guideline it wants; relevant conduct may be considered only in the application of enhancements and adjustments once a guideline has been selected"). However, because our de novo review persuades us that Section 2T1.1 was the most appropriate guideline, any possible errors in the district court's reasoning do not affect the correctness of its result. The sentence imposed by the district court is therefore **AFFIRMED**.