**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 17, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

LUIS CISNEROS LEDESMA,

      Defendant-Appellant.

No. 13-8015
(D.C. No. 2:97-CR-00132-ABJ-2)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

---

Luis Cisneros Ledesma appeals from the district court's denial of his

motion for sentence modification pursuant to 18 U.S.C. § 3582(c)(2), wherein he

sought a reduction of his sentence based on Amendment 591 to the United States

Sentencing Guidelines Manual ("U.S.S.G."). Exercising our jurisdiction under 28

U.S.C. § 1291, and construing Mr. Ledesma's pro se filings liberally, *see Garza v. Davis*,

---

[*]     The parties have not requested oral argument, and our examination of the briefs and appellate record leads us to conclude that oral argument will not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Accordingly, the case is ordered submitted without oral argument.

    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

596 F.3d 1198, 1201 n.2 (10th Cir. 2010), we **deny** his request for *in forma pauperis* ("IFP") status and **affirm** the judgment of the district court.

## I

In 1998, a jury convicted Mr. Ledesma of one count of conspiracy to traffic in methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The Presentence Investigation Report ("PSR") included a finding that Mr. Ledesma's offense involved at least one kilogram of methamphetamine; it accordingly computed an advisory sentencing range of 168 to 210 months' imprisonment under the Guidelines.[1] In preparing the PSR, the probation officer applied U.S.S.G. § 2D1.1(a)(3)(c)—the appropriate Guideline for a violation of 21 U.S.C. § 841(a)(1)—and cited evidence of multiple convictions in Mr. Ledesma's past.

Regarding those convictions, the government filed an information pursuant to 21 U.S.C. § 851(a)(1), alleging that Mr. Ledesma had previously been convicted of two felony drug offenses. In doing so, the government took the essential, predicate step that would oblige the district court—upon a subsequent judicial determination of the existence of those convictions—to sentence Mr. Ledesma "by reason" of them "to [the] increased punishment" that was prescribed for the offense of conviction. *Id.*; *see id.* § 851(d)(1) ("If the person files no response to the information, or if the court determines, after

---

[1]    The Probation Office used the 1995 edition of the U.S.S.G. in preparing the PSR. Because the parties have not contested the applicability of that edition on appeal, we also use the 1995 edition in conducting our analysis.

hearing, that the person is subject to increased punishment by reason of prior convictions, the court *shall* proceed to impose sentence upon him as provided by this part." (emphasis added)). Mr. Ledesma did not dispute the existence of those prior convictions. *See* R., Vol. III, at 678 ("All the bad things on my record . . . all that I did, all of it.").

However, prior to sentencing, Mr. Ledesma entered into a stipulation with the government, for purposes of the sentencing enhancement triggered by the government's § 851 information, that his prior drug offenses should be treated as "a single prior drug trafficking conviction," PSR, Sentencing Add., at i, because they "stemmed from the same incident," *id.*, ¶ 39, at 8. *See generally United States v. Beckstrom*, 647 F.3d 1012, 1017 (10th Cir. 2011) ("Our circuit, like all others to have considered the issue, requires that the two convictions used to enhance a sentence pursuant to § 841(b)(1)(A) arise from *separate* 'criminal episodes.'" (emphasis added)).

The district court adopted the PSR's findings at sentencing, effectively applying U.S.S.G. § 2D1.1. And, after accepting the parties' stipulation, it found Mr. Ledesma was accountable for a single prior drug offense and accordingly imposed a mandatory minimum sentence of twenty years' imprisonment. *See generally* 21 U.S.C. § 841(b)(1)(A) ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . ."). A panel of our court affirmed Mr. Ledesma's conviction and sentence on direct appeal. *See United States v. Ledesma*, 203 F.3d 836, 2000 WL

155591, at *5 (10th Cir. 2000) (unpublished table decision).

Mr. Ledesma subsequently filed a motion pursuant to 28 U.S.C. § 2255, seeking to vacate his conviction because (1) the indictment failed to specify the quantity of methamphetamine involved in his offense; and (2) in alleged contravention of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the district court, rather than the jury, determined the drug quantity. The district court concluded that Mr. Ledesma was procedurally barred from raising these issues for the first time on collateral review and that, in any event, his sentence comported with *Apprendi* because it was below the statutory maximum—a term of life imprisonment. *See generally* 21 U.S.C. § 841(b)(1)(A) (providing a statutory maximum of life imprisonment). A panel of our court denied Mr. Ledesma's request for a certificate of appealability and dismissed his appeal. *See United States v. Ledesma*, 46 F. App'x 604, 605 (10th Cir. 2002).

Ten years later, Mr. Ledesma filed in the district court the instant motion under 18 U.S.C. § 3582(c)(2), seeking a sentence reduction pursuant to Amendment 591 of the Guidelines. The district court denied his motion, and the instant appeal followed.

## II

We review the district court's denial of a sentence reduction under 18 U.S.C. § 3582(c)(2) for an abuse of discretion. *See United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012). However, we review de novo the district court's interpretation of a statute or the Guidelines. *See United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008).

-4-

## A

Under 18 U.S.C. § 3582(c)(2), a district court may modify a defendant's sentence when the Guidelines range has been subsequently lowered by the U.S. Sentencing Commission. *See United States v. Price*, 438 F.3d 1005, 1006–07 (10th Cir. 2006). Mr. Ledesma argues that the district court abused its discretion insofar as it concluded that Amendment 591 did not authorize a reduction in his sentence pursuant to § 3582(c)(2). However, we conclude that the district court persuasively explained why Amendment 591 does not affect Mr. Ledesma's sentence and correctly denied his § 3582(c)(2) motion.

Effective November 1, 2000, Amendment 591 revised two sections of the Guidelines.[2] *See* U.S.S.G., app. C, amend. 591 (2000). It first modified § 2D1.2 by clarifying that the enhanced penalties referenced in that section apply only when a defendant was convicted of one of the listed offenses in § 2D1.2. *See Gonzalez*, 304 F. App'x at 740. Because Mr. Ledesma's offense was not one "involv[ing] a protected location or an underage or pregnant individual," U.S.S.G. § 2D1.2 cmt. n.1 (1995), this revision in no way impacted his sentence.

---

[2]     Mr. Ledesma's conviction became final before this effective date when the Supreme Court denied certiorari relief in June 2000. *Ledesma v. United States*, 530 U.S. 1269 (2000). *See generally United States v. Willis*, 202 F.3d 1279, 1280–81 (10th Cir. 2000) (discussing the finality of a case resulting from the denial of certiorari). However, Amendment 591 has been given retroactive effect. *See United States v. Gonzalez*, 304 F. App'x 739, 740 (10th Cir. 2008); *see also* U.S.S.G. § 1B1.10(c) (listing Amendment 591 among "covered amendments"); *id.* appl. n.6 ("Among the factors considered by the Commission in selecting the amendments included in subsection (c) were . . . the difficulty of applying the amendment retroactively . . . .").

Amendment 591 also revised § 1B1.2 by instructing sentencing courts to apply the offense Guideline specified in the Statutory Index for the statute of conviction. *See United States v. Neilson*, 721 F.3d 1185, 1189–90 (10th Cir. 2013). As revised, the pertinent portion of § 1B1.2 directs the sentencing court to "[d]etermine the offense guideline section . . . applicable to the offense of conviction" and then "[r]efer to the Statutory Index (Appendix A) to determine the Chapter Two offense guideline." U.S.S.G. § 1B1.2(a). As the First Circuit has explained, Amendment 591 was designed, *inter alia*, to stop sentencing courts from "us[ing] a defendant's relevant conduct to select an offense guideline other than that referenced in the statutory index." *United States v. Hurley*, 374 F.3d 38, 40 (1st Cir. 2004).

Notwithstanding Mr. Ledesma's challenge, in effect, the district court followed the precise approach contemplated by Amendment 591. Under the 1995 edition of the Guidelines, individuals convicted under 21 U.S.C. §§ 841(a) and 841(b)(1)(A) are to be sentenced using U.S.S.G. § 2D1.1. *See* U.S.S.G., app. A, at 382 (1995). This is the offense Guideline that the district court referenced *before* selecting the appropriate base offense level within § 2D1.1. Because the district court effectively employed the approach prescribed by Amendment 591 in reaching Mr. Ledesma's advisory Guidelines range, we are hard-pressed to discern how the subsequent promulgation of Amendment 591 had any appreciable impact on his sentencing range, much less the necessary effect of lowering it. Accordingly, the district court did not abuse its discretion in denying Mr. Ledesma's motion for sentence modification.

Moreover, even if Mr. Ledesma could establish that Amendment 591 had the effect of lowering his advisory Guidelines range of 168 to 210 months—which, as noted, he cannot do—we would still conclude that his motion was properly dismissed. His actual sentence was a function of the statutorily prescribed mandatory minimum, *not* the advisory Guidelines range; as a result—depending on one's vantage point—either the district court lacked the power to afford Mr. Ledesma effective relief or, alternatively, Mr. Ledesma lacked standing to challenge on appeal the district court's refusal to give him the benefit of the lowered Guidelines range (assumed to be) effected by Amendment 591.

All of this becomes clear when we consider the realities of Mr. Ledesma's sentence. Specifically, upon the filing of the government's § 851 information, at sentencing, the district court made the requisite finding of fact regarding the existence of prior felony drug convictions. Critically, after establishing that Mr. Ledesma should be held accountable for one prior felony drug offense, the district court was *required* to impose a sentence at least equal to the twenty-year mandatory minimum sentence dictated by 21 U.S.C. § 841(b)(1)(A).[3] *See United States v. Payton*, 405 F.3d 1168, 1173 (10th

---

[3] Mr. Ledesma's reliance on *United States v. Hutchinson*, 573 F.3d 1011, 1031 (10th Cir. 2009), evinces his apparent—and mistaken—belief that he was convicted under 21 U.S.C. § 841(b)(1)(C), which carries an entirely different penalty and is consequently not germane to his appeal. He has also lifted language from *Hutchinson* in asserting that the district court was inclined to impose a much lower sentence. Aplt. App. at 3b; *see Hutchinson*, 573 F.3d at 1031. The record provides no support for this equally irrelevant argument. *See*,

(continued...)

Cir. 2005) ("Based on the admitted facts in [the defendant's] guilty plea, the district court had no discretion under the statute to do other than impose the mandatory minimum sentence.").

By operation of U.S.S.G. § 5G1.1(b), because that "statutorily required minimum sentence [was] greater than the maximum of the applicable guideline range" of 168 to 210 months, that mandatory minimum constituted Mr. Ledesma's "guideline sentence." *See United States v. Wheeler*, 230 F.3d 1194, 1196 (10th Cir. 2000) ("If the upper limit of the [G]uidelines range is less than seven years, [the defendant] must be sentenced to the mandatory minimum seven-year sentence."). Ordinarily, "a district court has no discretion to depart from a statutorily mandated minimum sentence under 21 U.S.C. § 841, since statutory minima were not rendered merely advisory by" *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Cornelius*, 696 F.3d 1307, 1326 (10th Cir. 2012).

In short, because the district court held Mr. Ledesma accountable for a prior felony drug offense, Mr. Ledesma's actual sentence was controlled by the statutorily prescribed mandatory minimum; his prescribed Guidelines range of 168 to 210 months ultimately did not provide even the advisory parameters of his sentence. Consequently, even if Amendment 591 had the effect of lowering Mr. Ledesma's advisory Guidelines range of 168 to 210 months (which it did not), this fact would essentially be irrelevant and would

---

[3]  (...continued)
*e.g.*, R., Vol. III, at 675, 669–70, 682.

not avail Mr. Ledesma.

That is, viewed one way, the district court (constrained by the mandatory minimum) could not afford Mr. Ledesma any effective relief and, thus, the matter was effectively moot. *Cf. United States v. McKissick*, 204 F.3d 1282, 1302 (10th Cir. 2000) ("[B]ecause the statutory mandatory minimum sentence imposed in this case was life imprisonment, the issue of whether the district court properly increased [the defendant's] sentencing guidelines range by two levels for possession of a firearm during a drug trafficking offense pursuant to U.S.S.G. § [2D1.1(b)(1)] is moot."). *See generally United States v. Hahn*, 359 F.3d 1315, 1323 (10th Cir. 2004) ("An issue becomes moot when it becomes impossible for the court to grant any effectual relief whatsoever on that issue . . . ." (internal quotation marks omitted)). Or, viewed another way, and perhaps more precisely, Mr. Ledesma would not have standing on appeal to challenge the district court's refusal to implement any purported lowering effect of Amendment 591 on his Guidelines range, because the district court's decision would not actually have any detrimental effect on his sentence. *Cf. United States v. Ramos*, 695 F.3d 1035, 1045 (10th Cir. 2012) (concluding that defendant lacked standing to challenge a mandatory-minimum provision when that provision "did not cause his sentencing injury"), *cert. denied*, --- U.S. ----, 133 S. Ct. 912 (2013). In sum, under this alternative reasoning, we also would be situated to uphold the district court's denial of Mr. Ledesma's motion.

**B**

Mr. Ledesma also contends that the Supreme Court's recent holding in *Alleyne v. United States*, --- U.S. ----, 133 S. Ct. 2151 (2013), requires his case to be remanded for resentencing. In *Alleyne*, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), and held that "any fact that increases [a] mandatory minimum [sentence] is an 'element' that must be submitted to the jury." *Alleyne*, 133 S. Ct. at 2155. We conclude, however, that Mr. Ledesma cannot prevail on this argument.

Section 3582(c)(2) does not permit Mr. Ledesma to avail himself of subsequent case law developments; it "only *expressly* allows a reduction where the Sentencing Commission, *not the Supreme Court*, has lowered the range." *Price*, 438 F.3d at 1007 (second emphasis added); *see also United States v. Blaze*, 458 F. App'x 749, 750 (10th Cir. 2012) ("Without action by the Sentencing Commission, a Supreme Court decision—even one with the effect of reducing a defendant's imprisonment range—cannot satisfy the statutory criteria. Since [the defendant here] stakes his motion on a change in the case law . . . , § 3582(c)(2) is not applicable." (internal citations omitted)).[4] Because the Sentencing Commission has not effectively lowered Mr.

---

[4]    This proposition is entirely consistent with the well-settled view that the prescribed scope of § 3582(c)(2)'s sentence-modification proceedings is very limited. *See Rhodes*, 549 F.3d at 840 ("[M]odification proceedings under § 3582(c)(2) are much more narrow in scope than original sentencing proceedings."). Such proceedings "do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3). Indeed, the district court is at liberty only to substitute any amendments given retroactive effect "for the corresponding

(continued...)

-10-

Ledesma's Guidelines range, irrespective of *Alleyne*, he is not entitled to a reduction in his sentence in this § 3582(c)(2) proceeding.

## C

In order to qualify for IFP status, Mr. Ledesma must "demonstrate . . . the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (internal quotation marks omitted). Mr. Ledesma has failed to advance such an argument; thus, he is not entitled to proceed IFP.

## III

For the foregoing reasons, we **affirm** the district court's denial of Mr. Ledesma's motion for sentence modification.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

---

[4] (...continued)
guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.* § 1B1.10(b)(1); *see United States v. Torres*, 99 F.3d 360, 363 (10th Cir. 1996) ("The clear import of [§ 1B1.10(b)] is [that] the sentencing court determines the applicability of the new guideline in the context of the circumstances in existence at the time the sentence was originally imposed." (internal quotation marks omitted)). If no substituted amendment pertains to a defendant's offense, § 3582(c)(2) does not authorize a sentence reduction. *See* U.S.S.G. § 1B1.10(b)(2)(A).